# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD R. PEVIA, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. ELH-17-11 |
| COMMISSIONER OF CORR., *et al.*, | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Donald R. Pevia, the self-represented plaintiff, is a State inmate currently confined at the Western Correctional Institution. At all relevant times, he was confined at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland. Pevia filed suit on January 3, 2017, naming as defendants the Commissioner of Correction; Warden Frank Bishop; and Assistant Warden Jeffrey Nines. ECF 1. The suit is supported by an exhibit. ECF 1-1.

Pevia complains that for inmates housed at NBCI there is no access to toilets while inmates are using the outside yard or inside dayroom. ECF 1 at 3.[1] He claims that if an inmate needs to use the bathroom during his recreation period, he has to lock into his cell and lose the remainder of his recreation period. *Id.* According to Pevia, the denial of access to a toilet facility violates his rights under the Eighth Amendment to the Constitution. ECF 1 at 5. He seeks injunctive relief as well as compensatory and punitive monetary damages. *Id.* at 5-6.

Defendants have moved to dismiss or, in the alternative, for summary judgment. ECF 14. The motion is supported by a Memorandum (ECF 14-1) (collectively, the "Motion") and exhibits. Plaintiff opposes the Motion. ECF 18. No reply was filed.

---

[1] Page citations are to those reflected on the court's electronic docket.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, defendants' Motion, construed as a motion for summary judgment, shall be granted.

## I. Background

Plaintiff states that on or about June 27, 2016, while he was in the outside yard, he had "the need to make a bowel movement." ECF 1 at 3. He waited for an officer "to walk past the yard" so that he could report his need to use the bathroom, but no officer came over until his recreation time was over. *Id.* According to plaintiff, he has "severe medical conditions with [his] bowel movements," and the only way to relieve the pressure on his stomach was to release some of the stool. *Id.* Plaintiff explains that he suffers from "massive bleeding . . . when making bowel movements" due to his suffering from chronic Hepatitis C. ECF 18 at 2.

On the date in question, when Pevia returned to his cell, he waited for Officer Reed to come around so that he could request "a red hazardous medical bag." ECF 1 at 3. After 15 minutes of waiting, Pevia washed his underwear out in the toilet and washed himself in the sink. *Id.* Plaintiff complains about "the stench in the heat of the summer." *Id.*

Plaintiff timely filed a grievance by way of a Request for Administrative Remedy ("ARP"). ECF 1-1; ECF 1 at 4; ECF 14-2 at 7-22. His ARP was not successful. *Id.*

Defendants indicate that plaintiff's recreation time lasted one hour and fifteen minutes. ECF 14-2 at 9, § II, ¶ 1 (administrative grievance investigation). Plaintiff's medical records (ECF 14-3) indicate that he does not suffer from irritable bowel syndrome or other gastrointestinal issues other than constipation, occasionally associated with blood in stool, for which medical providers prescribed a stool softener and fiber. ECF 14-3 at 2, 3, 5, 7, 8, 12, 13,

14, 18, 20, 22, 27. Moreover, NBCI was audited in August 2015 and found to be in compliance with correctional standards for housing and sanitation. ECF 14-2 at 25-27.

## II. Standard of Review

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. ECF 14. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 F. App'x 220, 222 (4th Cir. 2016) (per curiam). However, when the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004,

2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id*. at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id*. at 165, 167.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012); *see Putney v. Likin*, 656 F. App'x 632, 638 (4th Cir. 2016); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs.,*

4

*Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a nonmoving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods*, 302 F.3d at 244 (citations omitted). But, the nonmoving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id*. (internal citations omitted).

According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Harrods*, 302 F.3d at 244-45 (internal citations omitted); *see also Putney*, 656 F. App'x at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). Moreover, "[t]his is especially true where, as here, the non-moving party is proceeding pro se." *Putney*, 656 F. App'x at 638.

Plaintiff has not sought discovery. I am satisfied that it is appropriate to address defendants' Motion as one for summary judgment, because it will facilitate resolution of this case.

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 2014 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004). The nonmoving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986); *see Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017) ("A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving

party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law.").

The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013). In other words, the district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility.

Nevertheless, to defeat summary judgment, conflicting evidence, if any, must give rise to a *genuine* dispute of material fact. *See Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id.* at 248; *see Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. And, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

7

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp.*, 477 U.S. at 323–24).

### III. Discussion

Pevia alleges a violation of his rights under the Eighth Amendment to the Constitution. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). That protection imposes on prison officials an affirmative "obligation to take reasonable measures to guarantee the safety of . . . inmates." *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016).

Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions that are merely restrictive, or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

In order to establish cruel and unusual punishment, a prisoner must prove "two elements": that "the deprivation of [a] basic human need was *objectively* sufficiently serious," and that "*subjectively* the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F. 3d 162, 166 (4th Cir. 1995) (emphasis in original) (citations omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition

8

imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

Notably, "not all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v. Virginia*, ____ F.3d ____, 2017 WL 6459661, at *4 (4th Cir. Dec. 18, 2017) (citation omitted). In general, the deliberate indifference standard applies to cases alleging failure to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, or failure to render medical assistance. *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Thompson*, 2017 WL 6459661, at *4. The deliberate indifference standard consists of a two-pronged test: "(1) the prisoner must be exposed to 'a substantial risk of serious harm,'" and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety. *Thompson*, *supra*, at *4 (citing *Farmer*, 511 U.S. at 834, 837-38).[2]

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U.S. at 298-99. Eighth Amendment liability "'must involve more than ordinary lack of due care for the prisoner's interests or safety . . . *It is obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause. . . .'" *Id*. at 299 (quoting *Whitley*, 475 U.S. 312 at 319) (emphasis added in *Wilson*). In other words, "'the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.'" *Brown v. N.C. Dep't of*

---

[2] Conversely, in excessive force cases, "courts must determine 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Thompson*, *supra*, at *4 (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)).

9

*Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)). Conduct is not actionable under the Eighth Amendment unless it transgresses bright lines of clearly-established preexisting law. *See Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of "'a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions.'" *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634).

"[R]easonably adequate sanitation and the ability to eliminate and dispose of one's bodily wastes without unreasonably risking contamination are basic identifiable human needs of a prisoner protected by the Eighth Amendment. . . ." *Whitnack v. Douglas County*, 16 F.3d 954, 958 (5th Cir. 1994). Certainly, plaintiff's inability to use a toilet on the date in question was embarrassing and understandably offensive to him. But, the incident does not amount to a constitutional claim. *See Rhodes*, 452 U.S. at 347 (inconvenience is considered a part of the penalty criminal offenders pay for their offenses against society). Plaintiff had regular access to

a toilet for approximately 23 hours each day. Even a person who is not incarcerated may encounter a situation with no access to a toilet.

Courts that have addressed this issue have held that the temporary deprivation of bathroom facilities does not rise to the level of an Eighth Amendment violation. *See*, *e.g.*, *Vacca v. Scott*, 119 F. App'x 678, 679 (5th Cir. 2005) (concluding that although plaintiff averred defendants acted with deliberate indifference in denying him access to a bathroom, at most he alleged generalized pain and discomfort, which was insufficient to state an Eighth Amendment claim); *Hooks v. Chapman*, 2012 WL 6674484 (D.S.C. 2012) (finding that plaintiff who was left handcuffed in his cell and unable to use the bathroom, and thus urinated on himself, did not state an Eighth Amendment claim); *Qawi v. Howard*, 2000 WL 1010281 at *3-4 (D. Del. 2000) (stating that denial of use of bathroom for six hours, resulting in inmate urinating in drinking cup and bowl and defecating into paper bag, did not state constitutional claim as duration of condition was brief and inmate suffered no significant health risk); *Whitted v. Lacerson*, 1998 WL 259929, at * 2 (S.D.N.Y. 1998) (concluding that there was no Eighth Amendment violation when inmate was prevented from using restroom and urinated and defecated on his clothing); *Odom v. Keane*, 1997 WL 576088, at **4-5 (S.D.N.Y. 1997) (concluding that there was no Eighth Amendment violation when inmate lacked a working toilet in his cell for several hours).

Plaintiff's claim also fails because he has not sufficiently alleged nor demonstrated any injury. "No Federal civil action may be brought by a prisoner confined in a . . . correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e)(e). Therefore, the claim is subject to dismissal. *See*, *e.g.*, *Hooks v. Chapman*, *supra*, 2012 WL 6674484; *Miller v. Michigan Dep't of Corr. Health Care Providers*, 986 F. Supp. 1078, 1081 (W.D. Mich. 1997) (concluding that failure to provide

sufficient number of "Attends" was not "serious deprivation" rising to level of Eighth Amendment violation because delays were of short duration and no significant adverse medical consequences resulted); *see also Alexander v. Tippah Cnty., Mississippi*, 351 F.3d 626 (5th Cir. 2003) (dismissal of claims where inmates were held in small cell with clogged toilet drain for 24 hours); *Lowe v. Green*, 2007 WL 1217875 (E.D. Tex. 2007) (dismissal of claim as frivolous where inmate forced to urinate on himself after denial of request to utilize restroom).

Here, defendants did not violate the Eighth Amendment by failing to provide toilet facilities for the one hour and fifteen minutes that inmates were allowed recreation. The conditions as described by plaintiff were not so severe that defendants could be charged with "fair warning that their conduct was unconstitutional." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 313 (4th Cir. 2006) (citing *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). The discomfort and embarrassment experienced by plaintiff in soiling himself did not constitute cruel and unusual punishment, as evidenced by the absence of serious physical or psychological injury resulting from this single occurrence.[3]

Plaintiff has failed to satisfy the objective component of a conditions claim as required by *Wilson*. In the absence of a constitutional violation, defendants could not have acted with "deliberate indifference." Therefore, I need not address the subjective component.

### IV. Conclusion

For the foregoing reasons, defendants' Motion, construed as a motion for summary judgment, will be GRANTED and judgment will be ENTERED in favor of defendants and against plaintiff. A separate Order follows.

---

[3] Having found no constitutional violation, the court need not address defendants' claim of qualified immunity.

January 5, 2017           _____/s/_____
Date                      Ellen L. Hollander
                          United States District Judge